IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GRAYHAWK HOMES, INC., | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 4:11-CV-50 (CDL) |
| WOODRUFF CONTRACTING CO., LLC, *
et al., | |
| | * |
| Defendants. | |
| | * |

O R D E R

The dispute presented by Plaintiff's Motion to Dismiss Its Complaint Against Defendants Aaron Hampton, Lemica Hampton, Josef Gardner and Valerie Gardner (ECF No. 53) reminds the Court of a local television commercial for the sale of tires. In the commercial, the owner of a local tire store, who appears dismayed at his competitors' attempts to complicate something simple, is shown swinging from a tire that is connected to a tree limb by a rope. In a colloquial drawl, he delivers the punch line: "Tires just ain't that complicated."[1] The same can be said for the pending motion—it's just not that complicated.

BACKGROUND

Plaintiff Grayhawk Homes, Inc. ("Grayhawk") believed that Defendant Woodruff Contracting Co., LLC ("Woodruff") and its

---

[1] In a good faith effort to avoid any invasion of anyone's intellectual property rights, the Court gives full attribution to "Bross Tire Sales" for the production of the commercial.

1

President, Defendant Michael Socci ("Socci"), used Grayhawk's copyrighted building plans when Woodruff constructed homes for Defendants Aaron and Lemica Hampton ("Hamptons") and Defendants Josef and Valerie Gardner ("Gardners").  Grayhawk filed the present action against Woodruff and Socci, alleging copyright infringement, and against the Hamptons and the Gardners, claiming that they were aware of the infringement and participated in it.  The Hamptons filed a cross-claim against Defendants Woodruff and Socci for indemnity should the Hamptons be found liable to Grayhawk, and they filed a counterclaim against Grayhawk, alleging that their use of the plans in question should be declared not to infringe upon any rights of Grayhawk and that they should recover their litigation expenses, including attorney's fees, for having to defend the action, which they contend is meritless as to them.  Grayhawk has filed a motion to dismiss its claims against the Hamptons and the Gardners with prejudice.  The Gardners have filed no objection to the motion; but the Hamptons oppose the motion, contending that a dismissal may prejudice their ability to pursue their cross and counter claims.

## DISCUSSION

Rule 41 of the Federal Rules of Civil Procedure provides in relevant part that after the opposing party files an answer and absent a stipulation signed by all of the parties "an action may

be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Furthermore, "[i]f a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication." *Id.* The Court finds that the Hamptons' counterclaim can remain pending for independent adjudication after Grayhawk's claim against them is dismissed. Moreover, the Court does not understand how the Hamptons would have any type of indemnification or contribution crossclaim against Woodruff and Socci if they suffer no liability to Grayhawk; but to the extent that they allege a claim against Woodruff and Socci for litigation expenses separate and apart from a claim for indemnity or contribution, the Court can conceive of no reason as to why that claim cannot likewise remain pending for independent adjudication after the dismissal of Grayhawk's claim against the Hamptons. Consequently, the Court grants Grayhawk's motion to dismiss its claims against the Hamptons and the Gardners with prejudice. This dismissal is conditioned upon the correctness of the Court's conclusion that such dismissal will not prejudice the Hamptons' ability to pursue their claims against Grayhawk, Woodruff and Socci in this action. The Court hastens to add that it is not finding today

3

that the Hamptons are legally entitled to the relief they seek in their cross and counter claims. The Court's ruling simply determines that they may pursue those claims in this action notwithstanding the dismissal of Grayhawk's claims against them, and that today's dismissal does not prejudice their ability to recover on those claims.[2]

## CONCLUSION

Plaintiff Grayhawk Homes Inc.'s Renewed Motion to Dismiss Its Claims Against Defendants Aaron Hampton, Lemica Hampton, Josef Gardner and Valerie Gardner With Prejudice (ECF No. 53) is granted upon the terms described in this Order.

The stay in this action is partially lifted so that the parties may litigate the issues presented by the Hamptons' cross and counter claims. Within 21 days of today's order, the parties shall submit a jointly proposed Amended Scheduling Order that includes the following: deadline for any additional discovery that is necessary and relevant to the Hamptons'

---

[2] The Court emphasizes that it will not be receptive to any arguments opposing the Hamptons' claims that are based upon the fact that Grayhawk's claims against them have been dismissed with prejudice, including any argument that this dismissal extinguishes the case or controversy and thus deprives the Court of subject matter jurisdiction. *Compare Already, LLC v. Nike, Inc.*, __S.Ct.__, 2013 WL 85300 (January 9, 2013)(holding that dismissal of trademark infringement action accompanied by broad "covenant not to sue" made counterclaim challenging validity of trademark moot with no mention by the Court of existence or effect of a claim for litigation expenses). The Court has specifically found that the Hamptons' claims can remain pending for independent adjudication in this action without any prejudice attributable to today's dismissal; if this finding is later determined to be erroneous, then reconsideration of today's ruling permitting dismissal may be appropriate. Of course, an inability to establish entitlement to the relief sought unrelated to today's dismissal would not warrant reconsideration of today's order.

claims; deadline for the filing of any dispositive motions regarding those claims; the parties' positions as to (a) whether an evidentiary hearing or jury trial is required should the Hamptons' claims not be decided as a matter of law; (b) the timing of any such hearing or trial; and (c) whether the Hamptons' claims should be severed from Grayhawk's claims against Woodruff and Socci if a jury trial is necessary.  The stay as to Grayhawk's claims against Woodruff and Socci shall otherwise remain in place until further order of the Court.

    IT IS SO ORDERED, this 24th day of January, 2013.

                                    S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE